NOT DESIGNATED FOR PUBLICATION

No. 124,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYREE D. STRAUGHTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed
December 3, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Tyree D. Straughter appeals the revocation of his probation and
imposition of the remainder of his underlying jail term. We granted his request for
summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After
reviewing the record and finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In August 2020, Straughter pled guilty to one count each of felony driving under
the influence (DUI) and interference with law enforcement. In general conformity with
the plea agreement between the State and Straughter, he was sentenced to controlling

1

concurrent sentences of 12 months in custody with release to postimprisonment supervision after service of 150 days. Straughter was credited with 150 days he had already served. So the court immediately released him to a one-year period of postimprisonment supervision.

Two months later, the State issued a warrant in which it alleged Straughter violated the terms of his supervision by tampering with his alcohol monitoring device, consuming alcohol, and failing to report to his intensive supervision officer (ISO). Straughter stipulated to the violations. He asked the court to reinstate his postimprisonment supervision due to the substantial hardships he had faced over the preceding months that prevented his compliance.

The district court revoked Straughter's postimprisonment supervision and ordered him to serve the balance of his 12-month term. According to the journal entry of the revocation hearing, Straughter was given credit for 163 days served on his underlying sentence with 197 days left to serve toward his underlying sentence for a total of 360 days.

Straughter filed a timely notice of appeal.

ANALYSIS

Straughter argues that because his violations occurred while he was on postimprisonment supervision, the district court lacked the authority to order him to serve out his original sentence. He does not take issue with the fact that he violated his postimprisonment supervision. Moreover, he does not claim the district court's decision to revoke his supervision was unreasonable. His claim is that, as a matter of law, the district court had no authority to impose the balance of his underlying sentence.

2

Under K.S.A. 2020 Supp. 8-1567(b)(1)(E), which applies to persons like Straughter who have four or more prior convictions for DUI:

> "The person convicted shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500. The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment."

The sentence must also include a mandatory one-year term of postimprisonment supervision. K.S.A. 2020 Supp. 8-1567(b)(3). Finding that postimprisonment supervision is like probation, two prior panels of this court have found that the district court retains jurisdiction to revoke a postimprisonment supervision term if the defendant violates the conditions of that supervision. See *State v. Castillo*, 54 Kan. App. 2d 217, Syl. ¶ 6, 397 P.3d 1248 (2017); *State v. Beltran*, No. 112,970, 2015 WL 4487082, at *1 (Kan. App. 2015) (unpublished opinion). We agree. Because Straughter was given a 12-month sentence when placed on postimprisonment supervision, a revocation of that supervision and imposition of the balance of that initial 12-month sentence was well within the court's discretion.

Affirmed.